14-2667
*United States v. Braan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
          PETER W. HALL,
          DENNY CHIN,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee,*

        -v.-                                      No. 14-2667

MACEO BRAAN, AKA TEEFUS,

                  *Defendant - Appellant.*\*

_____

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

FOR APPELLANT:        MARK B. GOMBINER (Colleen P. Cassidy, *on the brief*), Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:         JAMES P. LOONAM, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Townes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment and sentence of the district court be and hereby are **AFFIRMED**.

Defendant-Appellant Maceo Braan appeals from the district court's finding of good cause to allow the introduction of otherwise inadmissible hearsay evidence at Braan's violation of supervised release hearing.[1] Revocation proceedings must afford the accused the "minimum requirements of due process." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). If the Government requests admission of a hearsay statement that does not fall within one of the established hearsay exceptions, Federal Rule of Criminal Procedure 32.1(b)(2)(C)

---

[1] "We review *de novo* the district court's determination that [the defendant's] due process rights were not violated . . . ." *United States v. Ramos*, 401 F.3d 111, 115 (2d Cir. 2005). We also review its "balancing of the Rule 32.1 factors for abuse of discretion." *United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006).

"requires the court to determine whether good cause exists to deny the defendant the opportunity to confront the adverse witness." *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006). "In making that determination, the court must balance, on the one hand, the defendant's interest in confronting the declarant[] against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Id.*

Here, the court acknowledged that Braan had a strong interest in cross-examining the hearsay declarant. However, the court's finding of good cause is supported by the record as a whole. The hearsay evidence was reliable because it was corroborated by a video that the district court found showed Braan engaging in a cocaine sale, as well as the location of Braan's home, the testifying officer's observation of Braan's tattoos, and Braan's history of participation in drug trafficking, as evinced by his underlying conviction. *See United States v. Carthen*, 681 F.3d 94, 100-01 (2d Cir. 2012). Our review of the entire record does not reveal an abuse of discretion.

For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk